[767 NYS2d 670]

In the Matter of MITCHELL R. MILLER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 24, 2003

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

*Edward R. Hammock*, Elmont, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition containing four charges of professional misconduct. Before the hearing, the charges were amended, and the respondent stipulated to the factual allegations, as amended. The petitioner's case consisted of the respondent's testimony and two exhibits. The respondent's case consisted of his own testimony, in mitigation, the testimony of one character witness, one exhibit, and 14 character letters from attorneys, clients, and three Supreme Court Justices. At the conclusion of the hearing, the Special Referee sustained all four charges. The petitioner moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to confirm the Special Referee's report and asks the Court to be lenient in its imposition of discipline.

Charge One, as amended, alleged that the respondent failed to properly safeguard and converted to his own use funds entrusted to him as a fiduciary incident to his practice of law in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (4) (22 NYCRR 1200.46 [a]; 1200.3 [a] [4]). The respondent maintained a business account at JP Morgan Chase at all relevant times. Before August 13, 2001, he received $8,738.57 from Sun Ok Lee on behalf of her husband, Byong Lee, who was the respondent's client, which was to be held in a fiduciary capacity. The respondent, as a fiduciary, was required to safeguard the funds in an attorney escrow account. Instead, he deposited them into his business account.

Charge Two, as amended, alleged that the respondent converted funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]). On August 7, 2001, the respondent was required to maintain $8,738.57 in his attorney escrow account on behalf

of his client. On August 7, 2001, he deposited those funds into his business account. On August 8, 2001, the balance in his business account was $6,602.53. On August 27, 2001, his business account was overdrawn by $589.35.

Charge Three, as amended, alleged that the respondent commingled funds entrusted to him as a fiduciary with his personal funds, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]). Between August 7, 2001, and August 27, 2001, he deposited funds entrusted to him as fiduciary, incident to his practice of law, into his business account along with his personal funds.

Charge Four, as amended, alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]). On December 28, 1999, and February 20, 2002, he filed with the Office of Court Administration his attorney registration, in which he affirmed that he had read and was familiar with the rules of the Appellate Division governing the conduct of attorneys requiring him to preserve the identity of funds and property entrusted to him and to maintain certain records. The respondent admitted that he did not maintain an attorney escrow account to safeguard client funds.

In view of the evidence adduced at the hearing and the respondent's stipulation, the Special Referee properly sustained all four charges.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that there is no evidence of venality on his part, he has expressed remorse for his misconduct, he made full restitution, he has fully cooperated with the petitioner, he reasonably relied on his wife's representations regarding the availability of the funds, he experienced a precipitous decline in income after September 11, 2001, he opened an IOLA account shortly after the incident in question, that he served as an Assistant District Attorney for more than 15 years before entering private practice, and during the period in question, he and his family suffered a series of medical crises and financial hardships.

The respondent's prior disciplinary history consists of a letter of caution dated September 12, 2000, for accepting employment in an area of law in which he was not qualified to practice.

His contentions to the contrary notwithstanding, the respondent acted with venality, his expressions of remorse were minimal, and he presented no acceptable mitigation for his misconduct at the hearing. Under the totality of the circumstances, his disbarment is warranted.

PRUDENTI, P.J., RITTER, ALTMAN and FLORIO, JJ., concur.

Ordered that the petitioner's motion and the respondent's cross motion to confirm the Special Referee's report are granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Mitchell R. Miller, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Mitchell R. Miller is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law. [As amended by unpublished order entered Mar. 9, 2004.]